UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

---

EUGENE B. HALECKI,

        Plaintiff,

    v.

EMPIRE PORTFOLIOS, INC.; and
LAW OFFICES OF COHEN & SLAMOWITZ,
LLP

        Defendants.

Case No.09 -CV 6615L(F)

## SETTLEMENT AGREEMENT AND ORDER

This Settlement Agreement ("Agreement") is entered into this 21st day of November 2012 by and between Plaintiff Eugene Halecki and Defendants Empire Portfolios, Inc. and Cohen & Slamowitz, LLC.

WHEREAS, Defendant Empire Portfolios, Inc. purchased a portfolio of defaulted credit card debts including a credit card debt owed by Plaintiff Halecki in August 2008; and

Whereas, Defendant Empire Portfolios, Inc. referred this debt for collection to Defendant Cohen & Slamowitz, LLC in August 2008; and

Whereas Defendant Cohen & Slamowitz, LLC attempted to collect this debt from Plaintiff Halecki in 2008 and 2009; and

Whereas Plaintiff Halecki has alleged that Defendants violated the Fair Debt Collection Practices Act, 15 USC §1692, et seq.; New York State's consumer protection statutes GBL §349 and §349a, and caused him emotional distress in attempting to collect this debt; and

Whereas Plaintiff Halecki seeks actual and statutory damages arising from alleged violations of these statutes and related common law claims; and

WHEREAS, the parties take the position that the respective allegations of their opponent have no legal merit; and

WHEREAS, as a result of court-directed mediation held on October 2, 2012, the parties acknowledge their respective interests are best served by resolving any and all claims between the parties in a reasonable manner and as expeditiously as possible.

NOW, therefore, in recognition of the mutual promises, covenants, representations, warranties and agreements contained in this Agreement, and for other good and valuable consideration, Plaintiff Eugene Halecki and Defendants Empire Portfolios, Inc. and Cohen & Slamowitz, LLC, (hereinafter "Defendants") intending to be legally bound, do hereby agree as follows:

1. Defendants shall cause payment to be made to the Empire Justice Center, Tax Identification Number 16-1487925, the sum of Four Thousand Dollars ($4,000) as attorneys for Plaintiff Eugene Halecki, which shall be paid to Defendant Eugene Halecki.

2. Defendants shall make every effort to deliver this payment to the Empire Justice Center within 10 days.

3. The parties agree that plaintiff's claims against defendants are discontinued with prejudice.

4. Defendants agree that plaintiff's counsel is entitled to an award of reasonable attorney's fees in this action. The parties shall attempt to settle the amount of attorney's fees. Within 15 days following the filing of this Agreement with the court, plaintiff's counsel

shall submit his request for attorney's fees supported by time and billing rate information to the counsel for defendants. If the parties are unsuccessful in negotiating an agreement, after 30 days from the date of defendant's fee submissions to plaintiff, any party may make an appropriate motion before this court to determine the amount of fees to be awarded plaintiff's counsel, and any party may make a motion for discovery that it deems appropriate in order for the court to determine the amount of fees to be awarded plaintiff's counsel.

5. Plaintiff Eugene Halecki agrees to provide defendants with certain identifying information and to execute in favor of Defendants Empire Portfolios, Inc. and Cohen & Slamowitz, LLC a General Release in the form annexed hereto as Exhibit A.

6. The terms of this Agreement, its contents and the settlement amount set forth above are confidential and shall not be disclosed by any party or their counsel except as required by legal process or by regulatory obligations. However, Plaintiff Halecki shall be allowed to discuss the terms of this Agreement with plaintiff's tax professionals, and attorney(s). Plaintiff Halecki shall notify Defendants Empire Portfolios, Inc. and Cohen & Slamowitz, LLC of any subpoena or other discovery request received regarding this Agreement, its terms or contents or the negotiations underlying this Agreement. Plaintiff must provide this notification, including copies of the subpoena or other discovery request within three (3) business days of plaintiff's receipt of the subpoena or other discovery request. Plaintiff comply with the terms of any previously agreed upon confidentiality agreement stipulated to between the parties in this action.

4

7. Notwithstanding the confidentiality requirements set forth in Paragraph 6 above, in the event disclosure of information regarding this action is required for the effective operation of the law firm representing the plaintiff, plaintiff's counsel shall be permitted to reveal the name of the defendants and the caption of this action; a description of the claims asserted; the results achieved (including the settlement details as described herein); and the number of people affected. Any disclosure by plaintiff's counsel shall further state that defendants deny any and all allegations against them.

8. It is understood and agreed this Agreement is being entered into solely for the purpose of avoiding the burdens, inconveniences and expenses that would necessarily arise from a failure of the parties to resolve any and all claims arising from the transactions set forth in Plaintiff's Complaint and Defendants' Answer, and shall not be construed or deemed to be an admission or confession by either party regarding the merits of any claim or defense.

9. This Agreement shall be binding upon and inure to the benefit of the successors and assigns of each of the parties.

10. The court shall retain jurisdiction of this matter until the issue of plaintiff's attorney fees has been resolved.

5

| | |
|---|---|
| Empire Justice Center<br>Attorneys for Plaintiff | Smith Sovik, Kendrick & Sugnet, P.C.<br>Attorneys for Defendant |
| By: /s/ Peter O'Brian Dellinger<br>Peter O'Brian Dellinger, Esq.<br>1 West Main Street, Suite 200<br>Rochester, New York 14604<br>Telephone: (585) 454-4060<br>pdellinger@empirejustice.org | By: /s/ Daniel R. Ryan<br>Daniel R. Ryan, Esq.<br>250 South Clinton Street, Suite 600<br>Syracuse, New York 13202<br>Telephone: (315) 474-2911<br>dryan@smithsovik.com |

Date: November 26, 2012

So Ordered: /s/ David L. Larimer

Hon. David L. Larimer
United States District Judge

# Exhibit A

## **GENERAL RELEASE**

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT

**EUGENE HALECKI,** as RELEASOR, in consideration of the of Four Thousand Dollars ($4,000.00) receipt whereof is hereby acknowledged, releases and discharges **EMPIRE PORTFOLIOS, Inc., COHEN SLAMOWITZ, LLP and THE TRAVELERS AND ALL ITS SUBSIDIARIES,** the RELEASEES, RELEASEES heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the _____ day of October, 2012.

In presence of

_____
Eugene Halecki

STATE OF NEW YORK     )
COUNTY OF_____ :  )   SS:

On the day of October, 2012, before me, the undersigned, personally appeared EUGENE HALECKI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public