UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EUGENE B. HALECKI,

                        Plaintiff,

                                                                     DECISION AND ORDER

                                                                     09-CV-6615L

                        v.

EMPIRE PORTFOLIOS, INC.,
LAW OFFICES OF COHEN & SLAMOWITZ, LLP

                        Defendants.
_____

       This matter was brought by Eugene Halecki, a retired consumer, to challenge the aggressive debt collection practices of the defendants. Defendant Empire Portfolios, Inc. purchased Halecki's $79.89 credit card debt from his original creditor, and then referred it to defendant Cohen & Slamowitz, LLP, a debt collection law firm. Cohen & Slomowitz, LLP allegedly attempted to collect the debt by filing a lawsuit against Halecki, and by inundating him with dozens of unwanted and unwelcome mailings and telephone calls, notwithstanding Halecki's written requests that the firm cease contacting him. Halecki's complaint alleged that the defendants had violated the Fair Debt Collection Practices Act ("FDCPA"), the New York Deceptive Practices Act, and several provisions of the common law, and sought actual and statutory damages. The action was settled in its entirety, via a Settlement Agreement and Order filed November 27, 2012. (Dkt. #38). Pursuant to the Settlement Agreement, the parties stipulated that "plaintiff's counsel is entitled to an award of reasonable attorney's fees," to be decided, in the absence of a prior agreement between the parties, by the Court. (Dkt. #38 at ¶4).

The parties failed to agree on an amount of attorneys fees, and plaintiff's counsel now moves for fees and costs in the amount of $51,514.00.[1]  Defendants oppose the motion, arguing that plaintiff's counsel seeks an unreasonable hourly rate of compensation and should receive no more than $225 per hour for the efforts of a partner and $125 per hour for the work of an associate, and has billed for excessive and redundant tasks representing more than sixty hours of attorney time. Defendants also emphasize that the amount of attorneys fees requested is grossly disproportionate to the $4,000.00 settlement amount.

In the Second Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir.1992).  Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Grant*, 973 F.2d 96 at 99.  The Court has broad discretion to determine whether the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both.  *Hensley*, 461 U.S. at 433; *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007).  Application of the lodestar "creates a presumptively reasonable fee." *Goser v. Allied Interstate, LLC*, 2013 U.S. Dist. LEXIS 71097 at *2 (S.D.N.Y. 2013).  In considering the reasonableness of market rate sought to be charged, the Court may consider the complexity and difficulty of the case, the available expertise and capacity of counsel, the resources required to effectively prosecute the matter, the timing demands of the case, the attorney's interest in achieving the ends of the litigation, whether the attorney was acting *pro bono*, and other benefits expected by the attorney as a result of the representation.  *See Arbor Hill*, 522 F.3d 182 at 190.

---

[1] In his reply on the instant motion, plaintiff's counsel increased the initial demand of $48,931.18, in order to include compensation for a portion of the time spent on the reply itself, as well as subtract a few additional hours from the original request. (Dkt. #45 at ¶38).

Initially, the defendants protest that the efforts expended were grossly out of proportion to the ultimate settlement of the matter for $4,000. However, the FDCPA is a fee shifting statute, and as the Second Circuit has recently emphasized:

> [e]specially for claims where the financial recovery is likely to be small, calculating attorneys fees as a proportion of damages runs directly contrary to the purpose of fee shifting statutes: assuring that . . . claims of modest cash value can attract competent counsel. The whole purpose of fee-shifting statutes is to generate fees that are *disproportionate* to the plaintiff's recovery.

*Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) (emphasis in original) (finding that district court erred in reducing lodestar figure of $144,792 in FMLA case wherein plaintiff recovered only $612.50, because the factors relied upon by the district court, including the disproportion between the amount recovered and the fees sought, are already represented in the lodestar calculation via attorney time records).

The Court also recognizes that the disproportion between the plaintiff's legal fees and the amount recovered is due in part to defendants' zealous defense of the case and sluggish responses to discovery demands, which ultimately required plaintiff to initiate a motion to compel. While vigorously opposed, that motion was successful and resulted in an order of sanctions against one of the defendants. By the time the case was settled, plaintiff was almost fully prepared for trial, having completed depositions and discovery, and having filed a detailed (and facially meritorious) motion for partial summary judgment against both defendants.

I further note that the customary hourly rates requested by plaintiff's counsel of $250 for Dellinger, a partner with thirty years of experience, fourteen of them spent at the Empire Justice Center, Inc. representing low income persons such as plaintiff, and $140 per hour for Yu, a recently admitted attorney, are comparable with the rates customarily charged by attorneys of similar experience in the Rochester, New York area. *See e.g.*, *Grievson v. Rochester Psychiatric Center*, 746 F. Supp. 2d 454, 464 (W.D.N.Y. 2010) (finding that counsel Peter Dellinger's reasonable hourly rate is $250 per hour). Moreover, the billing records provided contain ample information to satisfy

the Court as to the reasonableness of the time expended, and I find no evidence of excessive or duplicative entries.

For these reasons, I conclude that a reasonable average rate for the work of the attorneys who worked on this matter is $250 per hour for Dellinger, and $140 per hour for Yu. I further note that the plaintiff has already significantly reduced the hours for which compensation is requested for Dellinger and Yu's efforts by a combined total of over 100 hours – an approximately 33% reduction. I find that this reduction is sufficient to account for any potentially duplicative or unnecessary efforts that might have been undertaken by plaintiff's counsel, and therefore conclude that the amount of attorney's fees requested – $51,514.00 – is appropriate.

## CONCLUSION

Plaintiff's motion for attorney's fees (Dkt. #39) is granted, and plaintiff is hereby awarded the sum of $51,514.00 in attorneys fees and $1,420.53 in costs, for a total of $52,934.53. The award is to be made payable to plaintiff's counsel.

Plaintiff's pending motion for partial summary judgment (Dkt. #25) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      July 9, 2013.